# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **TAMMY S. SMITH** | § § § § § | |
| **PLAINTIFF,** | § § | |
| VS. | § § § § | **CIVIL ACTION NO.: CV-2023-** |
| **MERIDIAN DOWNTOWN HOTELS, LLC., and ASCENT HOSPITALITY MANAGEMENT CO., LLC** | § § § § § § | |
| **DEFENDANTS.** | § | **JURY DEMAND REQUESTED** |

**COMES NOW** Plaintiff Tammy Smith (hereinafter "Smith" or "Plaintiff") by her undersigned attorney, David A. Hughes, and brings this action against Meridian Downtown Hotels, LLC (hereinafter "MDH") and Ascent Hospitality Management, Co. LLC (hereinafter "AHM"), (MDH and AHM, sometimes collectively referred to herein as "Defendants") for damages and other legal and equitable relief for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in the Northern District of Georgia.

3.  At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.  At all relevant times herein, the Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

## PARTIES

5. Plaintiff Smith is an adult, is nineteen (19) years of age or over, and is a resident of Toomsuba, Mississippi. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6. MDH, upon information and belief, is a Mississippi limited liability company with its principal office at 1305 Mall of Georgia Blvd, Suite 201, Buford, Georgia, 30519. MDH employs workers at hotels including, but not limited to, the hotel in which the Plaintiff worked, the "Threefoot Hotel" in Meridian, Mississippi. MDH has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. AHM, upon information and belief, is a Georgia limited liability company with its principal office at 1305 Mall of Georgia Blvd, Suite 201, Buford, Georgia, 30519. AHM operates hotels including, but not limited to, the one in which the Plaintiff worked in Meridian, Mississippi. AHM has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

8. At all times material to this action, the Defendants have each been enterprises engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

9. Defendants are both interstate companies whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

10. At all times relative to this action, MDH has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times relative to this action, AHM has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times relevant to this action, MDH was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

13. At all times relevant to this action, AHM was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

## STATEMENT OF FACTS

14. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

15. Plaintiff worked for Defendants from May 21, 2022 until February 10, 2023.

16. Plaintiff worked for Defendants during that time in the position of Housekeeping Room Inspector and was paid "an annualized base salary of $35,000." See Exhibit A – Plaintiff's Offer Letter from AHM, and Exhibit B- Tammy Smith Paystub from MDH). Defendants classified Plaintiff, a Housekeeping Rooms Inspector, as FLSA exempt and told her, as set out in their offer letter, "This position is exempt for purposes of the federal wage and hour laws, meaning that you will not be eligible for overtime compensation for hours worked in excess of 40 in a given week." (Exhibit A at p. 1).

17. Plaintiff's primary job duties were physically inspecting hotel rooms for cleanliness, cleaning and preparing rooms (sometimes in conjunction with the housekeepers, sometimes by herself), putting supplies on housekeeping carts, putting supplies in the linen closets and helping with laundry.

18. Defendants set out additional job duties of Plaintiff's Room Inspector job at the Threefoot Hotel in Meridian, MS in the job posting that she responded to leading to her employment. (See Exhibit C – 2022 Meridian, MS Threefoot Hotel Room Inspector Job Posting). These job duties included "inspecting all rooms before turning them as occupied clean or vacant ready in the property management system," "Acts on assignments received from the Executive Housekeeper or

Assistant Executive Housekeeper," "Checks in all supplies," "Physically inspecting rooms daily," "Clean/prepare rooms as needed," "Ensuring that housekeeping carts are organized and ready for daily work," "Maintains cleanliness and upkeep of Public areas of hotel," and "Properly reports and logs and complete required documents for all Lost and Found items."

19.  Plaintiff' primary duty did not include real managerial responsibilities or the exercise of meaningful independent judgment and discretion.

20.  Plaintiff did not independently customarily and regularly direct the work of two or more other full-time employees.

21.  As such, Plaintiff was, in reality, performing a non-exempt job for the Defendants, per the FLSA.

22.  Plaintiff typically worked over 40 hours per week in each workweek.

23.  Plaintiff's weekly pay amount did not take into account, in any way, how many overtime hours that she worked in a workweek.

24.  None of the Plaintiff's work hours were recorded as she did not clock in or out.  As such, none of Plaintiff's overtime hours were recorded.

25.  Defendants did not pay Plaintiff for any of her overtime hours at a time and a half overtime rate.

26. As a result of the Defendants' pay practices, Plaintiff worked an average five overtime hours every workweek for which she did not receive any overtime pay.

27. Throughout her employment with Defendants, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendants in multiple weeks, but was not paid at a rate of at least 1.5 times her regular rate for all of the hours that she worked in excess of forty hours in each week.

28. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all of the hours that Plaintiff worked in excess of forty hours a week.

## COUNT ONE – FLSA OVERTIME VIOLATIONS

29. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

30. The Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff at one-and-one-half of her regular hourly rate for many of the hours that she worked in excess of forty hours per week during the Plaintiff's employment as described in this Complaint.

31. Defendants have failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting all of the hours worked and wages earned by the Plaintiff.

32. The Defendants' failure to pay the Plaintiff overtime pay is impermissible under the FLSA.

33. The Defendants have failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

34. The Defendants willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

35. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

36. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid in accordance with the FLSA.

37. The Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. The Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of her costs, attorneys' fees, and expenses incurred.

39. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendants from the Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award the Plaintiff the amount of her unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C. That this Court award the Plaintiff judgment against the Defendants for all applicable compensatory damages, reasonable attorneys' fees, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper and just.

## PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY

Dated this 27th day of November, 2023.

                                              Respectfully,

                                              *S/Patrick J. McDonough*
                                              Patrick J. McDonough
                                              *Attorney for Plaintiff*

**Andersen, Tate & Carr, P.C.**
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
Telephone: (678) 518-6859
Fax: (770) 236-9795
E-mail: pmcdonough@atclawfirm.com

*S/David A. Hughes*
David A. Hughes (ASB 3923-U82D)
*(to be admitted pro hac vice)*
**Hardin & Hughes, LLP**
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

## ADDRESS OF DEFENDANTS FOR SERVICE OF PROCESS

Meridian Downtown Hotels, L.L.C.
through its registered agent, John Tampa, at
320 Coulter Cove
New Albany, MS

Ascent Hospitality Management, Co. LLC
through its registered agent, John Tampa, at
3616 S. Bogan Rd., Suite 201,
Buford, GA, 30519